IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-03012-PAB-MJW

HARRISON SHULL,

     Plaintiff,

v.

HOUGHTON MIFFLIN HARCOURT PUBLISHING COMPANY, and
JOHN DOE PRINTERS 1-10,

     Defendants.

---

## ORDER

---

This matter is before the Court on the motion to transfer venue [Docket No. 8] filed by defendant Houghton Mifflin Harcourt Publishing Company ("HMH"). The motion is fully briefed and ripe for disposition.

In his complaint, plaintiff Harrison Shull asserts a copyright infringement claim against HMH arising out of HMH's alleged impermissible publication of photographs for which plaintiff holds enforceable copyrights. The complaint alleges that plaintiff is a citizen of West Virginia. *See* Docket No. 1 at 1, ¶ 2. Plaintiff states that he "maintains addresses in both North Carolina and West Virginia," Docket No. 10 at 1, and that he "currently reside[s] in Asheville, North Carolina." Docket No. 10-1 (Shull Decl.) at 2, ¶ 1. HMH has its "primary offices in Boston, Massachusetts." Docket No. 1 at 2, ¶ 3. In terms of the case's connection to Colorado, plaintiff alleges that HMH "sells and distributes textbooks in Colorado and throughout the United States." *Id.*

In the present motion, HMH seeks to have this case transferred to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1404(a), which provides in pertinent part that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  As the party seeking transfer of this action pursuant to section 1404(a), HMH "bears the burden of establishing that the existing forum is inconvenient."  *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991).

There is no dispute that this case "might have been brought" in the District of Massachusetts.  Consequently, the Court must determine whether HMH has, upon consideration of the following factors, established inconvenience in this District sufficient to justify a transfer: (1) the plaintiff's choice of forum; (2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; (3) the cost of making the necessary proof; (4) questions as to the enforceability of a judgment if one is obtained; (5) relative advantages and obstacles to a fair trial; (6) difficulties that may arise from congested dockets; (7) the possibility of the existence of questions arising in the area of conflict of laws; (8) the advantage of having a local court determine questions of local law; and (8) all other considerations of a practical nature that make a trial easy, expeditious and economical.  *See id.* at 1516 (citation omitted).[1]  "Unless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed."  *Scheidt v.*

---

[1]There is no mandatory forum selection clause to consider in this case.

*Klein*, 956 F.2d 963, 965 (10th Cir.1992) (quotation marks, alteration and citation omitted).   The Court must "honor the plaintiff's choice of forum 'unless the balance in the defendant's favor is shown by clear and convincing evidence.'" *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1168 n.13 (10th Cir. 2010).   "Merely shifting the inconvenience from one side to the other . . . is not a permissible justification for a change of venue." *Scheidt,* 956 F.2d at 966.

Pursuant to 28 U.S.C. § 1400(a), "[c]ivil actions, suits, or proceedings arising under any Act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district in which the defendant or his agent resides or may be found."   Plaintiff contends that, because he alleges copyright infringement, his choice of forum is entitled to even greater deference, although he does not cite authority for such proposition.[2]   Plaintiff is correct that there is at least some authority

---

[2]Plaintiff cites *Caraljo Music v. MCA Records, Inc.*, 1988 WL 32942, at *1 (E.D. La. April 4, 1988) for the proposition that "'a plaintiff's choice of venue in copyright actions is accorded considerably more weight than in other civil cases.'" Docket No. 10 at 4, n.15.   This language, however, does not appear in the *Caraljo* opinion or in any other opinion the Court can identify.   Rather, plaintiff modified the following statement by the *Caraljo* court: "a plaintiff's choice of venue is considerably greater in copyright actions than in other civil cases." *Caraljo*, 1988 WL 32942, at *1.   In other words, *Caraljo* simply points out that plaintiffs have more venue choices in copyright cases. The *Caraljo* court then, in the very next lines of the opinion, made clear that plaintiff's purported interpretation of the case has no merit:

> Despite the differences in venue standards, the transfer provisions of Section 1404(a) apply with equal force to copyright actions.   The availability of a Section 1404(a) transfer, then, places some restraint on a copyright plaintiff's otherwise wide choice of the forum for the litigation.   Considering the fact that the defendant does not claim that jurisdiction is unavailable or venue is improper in this Court, and the fact that Section 1404(a) applies to this case, the plaintiffs' discussion of the special venue provisions of Section 1400(a) is essentially academic.

*Id.*   The *Caraljo* court transferred the case pursuant to 28 U.S.C. § 1404(a).   *See Caraljo*, 1988 WL 32942, at *3.   It is difficult to see how adding "accorded" and

that special venue statutes affording expansive venue choices may warrant some additional deference being given to a plaintiff's choice of forum.  *See* Docket No. 10 at 3-4 (quoting *Anderson v. Thompson*, 634 F. Supp. 1201, 1205 (D. Mont. 1986)); *see also Ravenwoods Inv. Co., L.P. v. Bishop Capital Corp.*, 2005 WL 236440, at *8 (S.D.N.Y. Feb. 1, 2005).  Ultimately, however, the section 1404(a) analysis must be applied.  *See Ravenwoods*, 2005 WL 236440, at *8 (citing, *inter alia*, *Securities & Exchange Comm'n v. Savoy Indus., Inc.*, 587 F.2d 1149, 1153 (D.C. Cir. 1978) ("[Section 1404(a) ] applies to actions governed by special venue provisions . . . of the federal securities statutes.") (citations omitted)); *see Blumenthal v. Management Assistance, Inc.*, 480 F. Supp. 470, 472 (N.D. Ill. 1979) ("[T]here is no question that the drafters of section 1404(a) intended it 'to be generally applicable to all civil actions, whether governed by general or special venue provisions, and whether the special venue provisions were contained in Title 28 or in other titles of the United States Code.'") (citation omitted).

Regardless of the weight granted to plaintiff's choice of forum due to the application of 28 U.S.C. § 1400(a),[3] the Court concludes that HMH has failed to

---

changing "greater" to "more weight" and thus altering the meaning of the sentence to state the opposite point as that clearly made by the cited case could have been a mistake.

[3]It is worth noting that "[c]ourts . . . accord little weight to a plaintiff's choice of forum 'where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum.'" *Employers Mut.*, 618 F.3d at 1168 (quoting *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993)). Plaintiff contends that the "infringing conduct" took place in Colorado, *see* Docket No. 10 at 6, but that contention appears to be based on plaintiff's allegation that HMH "sells and distributes textbooks in Colorado and throughout the United States."  Docket No. 1 at 2, ¶ 3.  There is no indication that this case has any "significant contact" with

demonstrate that the other relevant factors weigh in favor of a transfer.  In addition to plaintiff's choice of forum, HMH contends that the "dominant factors here are the relative convenience of each forum to the witnesses" and "the location of the necessary proof."  Docket No. 8 at 5.[4]  Defendant avers that "none of the witnesses or documents at issue reside in Colorado, and many of the HMH documents and witnesses do reside in Massachusetts."  Docket No. 8 at 5; *see Employers Mut.*, 618 F.3d at 1169 ("'The convenience of witnesses is the most important factor in deciding a motion under § 1404(a).'") (quoting *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993)).  HMH, however, does not identify any witnesses, many of whom are apparently HMH employees, or explain the relative importance of their testimony. *See Employers Mut.*, 618 F.3d at 1169 ("To demonstrate inconvenience, the movant must (1) identify the witnesses and their locations; (2) 'indicate the quality or materiality of the[ir] testimony'; and (3) 'show[ ] that any such witnesses were unwilling to come to trial . . . [,] that deposition testimony would be unsatisfactory[,] or that the use of

---

Colorado. *Wood v. Houghton Mifflin Harcourt Publishing Co.*, No. 07-cv-01516-DME-BNB, 2008 WL 2113344, at *2 (D. Colo. May 19, 2008) ("In general, this Court gives the plaintiff's choice of forum substantial weight.  This Court, however, grants less deference to a plaintiff's choice of forum if the plaintiff or the conduct underlying the cause of action has no significant contact with the forum state.") (citations omitted); *see Bailey v. Union Pacific R.R. Co.*, 364 F. Supp. 2d 1227, 1230 (D. Colo. 2005) ("Plaintiff's preference for pursuing his action in the District of Colorado is entitled to little weight.  It is neither his home nor the place of the accident.") (collecting cases); *see also* 1A Federal Procedure, Lawyers Edition § 1:837 (citing sources).

[4]HMH asserts, and plaintiff does not dispute, that (1) there would be no advantage gained by this Court addressing the substantive claims because plaintiff brings only federal causes of action; (2) there are no concerns regarding relative fairness of trials; and (3) there is no difference between the Districts in regard to the enforceability of a judgment.  *See* Docket No. 8 at 5.

5

compulsory process would be necessary.'") (citation omitted, alterations in original).
Furthermore, HMH generally states that "former HMH employees who may be
necessary witnesses are more likely to reside within the District of Massachusetts, and
therefore be subject to service of process, than in Colorado." Docket No. 8 at 6. This
generalized and speculative statement also fails to identify any potential witnesses or
the importance of their testimony. The Tenth Circuit has stated that a lack of specificity
falls short of establishing that the convenience of witnesses weighs in favor of a
transfer. *See id.* ("Although [defendant] alleges that the majority of potential witnesses
are Utah residents and are subject to compulsory process, it has neither identified
those witnesses with specificity nor indicated the subject matter of their testimony.");
*see also* 15 Wright, Miller & Cooper § 3851 ("If the moving party merely has made a
general allegation that necessary witnesses are located in the transferee forum, without
identifying them and providing sufficient information to permit the district court to
determine what and how important their testimony will be, the application for
transferring the case should be denied[.]").

HMH contends that the documents that will be used in this case are "either
located in the District of Massachusetts or are accessible to HMH in the District of
Massachusetts." Docket No. 8 at 7. HMH does not explain how this materially alters
the convenience analysis in this case. *See Scheidt v. Klein*, 956 F.2d 963, 966 (10th
Cir. 1992) ("Defendant never attempted to explain, let alone substantiate, why these
documents could not be sifted through (at his Florida offices) and the probative ones
shipped at relatively minor cost to Oklahoma for trial."). As plaintiff points out, the

location of documents becomes even less relevant when one considers the availability of electronic discovery procedures.  *See* Docket No. 10 at 8-9.

As a final note, HMH asserts that docket congestion is a neutral factor in this case because civil cases in this District proceed to trial, on average, only about three months faster than in the District of Massachusetts.  *See* Docket No. 8 at 5, n.1; *see also* Docket No. 11 at 5 (citing *Brady v. Hanger Orthopedic Group, Inc.*, 2006 WL 2560953, at *3 (N.D. Ill. Aug. 30, 2006) (concluding that the factor was neutral where there was a four-month difference)).  The Court agrees that the relative docket congestion is not a particularly significant factor in this case.  However, HMH has not met its burden on either factor it contends weighs in favor of a transfer.  Therefore, the fact that cases proceed at a slightly faster pace on average in this District would only further support a denial of HMH's motion.

In sum, "[s]ection 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).  In the exercise of such discretion, the Court finds that HMH has not shown that the balance of relevant factors tips strongly in favor of a transfer pursuant to 28 U.S.C. § 1404(a). Therefore, it is

**ORDERED** that the motion to transfer venue [Docket No. 8] filed by defendant Houghton Mifflin Harcourt Publishing Company is DENIED.

DATED May 3, 2012.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge